(31 Misc. Rep. 690.)

## LAVANBURG v. PFEIFFER.

(Supreme Court, Special Term, New York County. June, 1900.)

TRADE-MARKS—INFRINGEMENT—WHAT AMOUNTS TO.

　　Plaintiff was the owner of the trade-marks "Oriole Vermilion" and "Peerless Green," applied to dry colors. Defendant used the designation "O. Vermilion" and "P. Green," on similar dry colors, but no similarity in package or labels was attempted. Plaintiff's evidence was confined to a few sales by defendant of colors manufactured by him, but stated to be sold under plaintiff's trade-mark. Defendant, by a preponderance of evidence, showed that no representation was made to any customer tending to create a belief that the goods were plaintiff's, and that there was no attempt to deceive. Held, that it cannot be said that defendant's marks were an infringement of plaintiff's trade-mark.

Action by Fred L. Lavanburg against Isaac Pfeiffer to restrain the infringement of a trade-mark. See 52 N. Y. Supp. 801. Dismissed.

Spiegelberg & Wise (Benjamin F. Einstein, of counsel), for plaintiff. Abraham L. Jacobs (Samuel F. Jacobs, of counsel), for defendant.

SMITH, J. There is no question raised in this case as to the ownership by the plaintiff of the names "Oriole Vermilion" and "Peerless Green" in his business, and that the same have been and are now used by him as trade-marks or names upon certain dry colors manufactured and sold by him; nor is there any claim made by the plaintiff

that the names "Oriole" or "Peerless" appear or are used upon labels or vessels containing similar dry colors manufactured or sold by the defendant, or that there is any similarity in the vessels or packages used by the defendant with those of the plaintiff, by means of which the public could be deceived. The plaintiff, however, does claim that the use of the names "O. Vermilion" and "P. Green" by the defendant amounts to and is in fact an infringement of the trade marks or names of "Oriole" and "Peerless," and that the use of the letters "O," as applied to vermilion, and "P," as applied to green, amounts to and is in fact an unfair competition in trade, and this suit is brought to restrain the use by the defendant of the plaintiff's said trade marks or names, or any abbreviation of them. When this case was before Mr. Justice Cohen on a motion for a preliminary injunction, that learned justice held that the mere use of the letters "O" before vermilion and "P" before green did not amount to an infringement upon the plaintiff's trade marks or names of "Oriole Vermilion" and "Peerless Green," and in such conclusion I concur. The evidence is voluminous and conflicting. The plaintiff's testimony tending to show the illegal use of said trade marks or names by the defendant is confined to three or four transactions or sales of vermilion and green dry colors manufactured by him, and the use therein of the plaintiff's trade marks or names; but this testimony is met and overcome by a clear preponderance of evidence introduced by the defendant, which convinces me that in such transactions or sales or attempted sales of the dry colors manufactured by the defendant no representation was made to any customer or purchaser tending to induce a belief that the dry colors so sold or attempted to be sold were known as "Oriole Vermilion" or "Peerless Green," nor with any design on the part of the defendant or his agents to induce a belief that the article of merchandise was that manufactured or dealt in by the plaintiff, or with the design to deceive the public. Entertaining these views, it follows that the complaint must be dismissed upon the merits, with costs.

Complaint dismissed, with costs.